Williams, J.
Suit was brought by Corwine against Gartner to recover damages for breach of warranty in the sale of a horse. The petition alleges, in addition to the warranty and its breach, that the defendant knew, at the time of the sale that the animal was not what it was warranted to be. On the trial of the issued joined by a denial *254 of the warranty and its breach, and of the defendant’s knowledge that the warranty was false, the jury was instructed, in substance, that to entitle the plaintiff to a verdict in the case, it was necessary for him to prove, by a preponderance of the evidence, that the defendant knew the warranty was false in some material particular, or had reason to believe it to be false. The judgment rendered on the verdict, which was for the defendant, was reversed for error in giving the foregoing instruction; and, upon the question concerning which the courts below entertained different opinions, the case has been ordered to be reported.
The contention of counsel for the plaintiff in error appears to be, that the effect of the averment charging the defendant with knowledge of the falsity of the warranty, was to make the action one for deceit or fraud; and, therefore, proof of such knowledge was essential to the plaintiff’s right of recovery; otherwise, the petition would include two inconsistent causes of action which could not be joined.
The code permits a plaintiff to state the' facts which constitute his cause of action; and when, upon any of the facts so stated, he is entitled to recover, he cannot be denied that right because he has alleged other facts that he is unable to prove. A warranty in a sale of chattel property is a part of the contract; and the warrantor is bound by it, and answerable in damages for its breach, though he may have honestly believed the article to be as warranted. But the representations of the seller may fall short of an express warranty» and yet may be such as induce the purchaser to rely upon them, and entitle him to redress against the seller if the latter knew they were false, or *255 recklessly made them without reasonable ground for believing them to be true. And which of these phases of his case the purchaser may be able to sustain by proof, can only be determined on the trial. But proof of either, entitles him to relief.
And it is competent, we think, for a plaintiff to state in his pleading all the facts of the transaction which enter into his right to recover, as he believes them to be, though they present different grounds of recovery, and admit of different modes or measures of relief; and he may ultimately have that relief to which the allegations proved, show him entitled.
The petition of the plaintiff alleges an express warranty of the horse, and a breach of that warranty; and, his right to recover the damages resulting from that breach was not affected by the allegation of the defendant’s knowledge of the falsity of the warranty. The latter allegation did not, as counsel for the plaintiff in error contends, change the action to one exclusively for deceit, nor is it inconsistent with those upon the warranty; they may all be true. Whether there is more than one cause of action stated in the petition, is a question upon which differences of opinion may exist. But it need not now be determined. If there are two, one for breach of the warranty, .and the other for fraud, they grew out of the same transaction, and may be properly joined in the same petition; and no motion having been made to require them to be separately stated, that objection to the petition, if it were open to it, was waived by answer. In favor of the view that there is but one cause of action stated, it may be said, there was but a single transaction between the parties — the negotiations resulting in the sale of the horse; there *256 was but one wrong of the defendant — the sale of an unsound animal as and for a sound- one; and there is but one right of the plaintiff growing out of the wrong, and that is, to have redress for the injury he sustained in consequence of it, and for which he can have but one recovery. And a statement of all the facts of the transaction, with a demand for the relief desired, as one cause of action, seems more in harmony with our reformed system of pleading than a repetition of them, which becomes necessary, in part at least, in their statement as separate causes of action. But in either event, whether the petition contains but one cause of action, or two, the plaintiff, upon proof of the warranty and that it was broken to his damage was entitled to a verdict, notwithstanding he failed to establish by proof the defendant’s knowledge that the warranty was false; and as this right was denied him by the instruction given to the jury, the reversal of the judgment for that reason was not error

Judgment affi/rmed.